IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EDWARD FITZPATRICK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CALIFORNIA CITY, et al., <br><br> Defendants. <br> ─────────────────────── <br> CITY OF CALIFORNIA CITY REDEVELOPMENT AGENCY, <br><br> Intervener and Defendant, <br> ─────────────────────── <br> ANA J. MATOSANTOS, in her official capacity as Director or the California Department of Finance; MARY B. BEDARD, in her official capacity as Auditor-Controller for Kern County DOES 1-20 <br><br> Real Parties in Interest | 1:96-CV- 5411 AWI SMS <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> **ORDER SETTING HEARING FOR MOTION TO ENFORCE RELIEF AGAINST NON-PARTIES FOR JULY 15, 2013** |

**BACKGROUND**

On December 16, 1996, Senior District Court Judge Robert E. Coyle[1] issued a stipulated judgment and order in this action. The stipulated judgment ordered that the beneficiaries of the Subdivision Deferred Improvements Fund ("SDI Fund") validate the City of California City ("City")'s and the City of California City Redevelopment Agency ("RDA")'s investment in the promissory notes issued by the RDA, the City's previous funding of construction improvements,

---

[1] This action has been reassigned to Senior District Court Judge Anthony W. Ishii.

and the City's previous expenditures from the SDI Fund.  The stipulated judgment agreed that the City would immediately commence proceedings to adopt the SDI Ordinance attached to the Judgment.   The stipulated judgment gave this Court continuing jurisdiction to enforce and uphold the settlement's terms and conditions.

On May 29, 2013, the City filed an ex parte application for a temporary restraining order and a motion for relief against non-parties.    The City provides legal authority that the RDA was dissolved by statute and the City is the successor agency to the RDA.    The City claims Ana J. Motosantos, in her official capacity as Director of the California Department of Finance, and Mary B. Bedard, in her official capacity as the Auditor-Controller for Kern County, ("the Finance Department") are now the real parties in interest in this action.   The City provides authority that the City, as successor to the RAD, must make a payment on July 1, 2013 toward the RAD's promissory note at issue in this action.   However, the Finance Department has refused to provide the City with funds that the City contends belong to the RAD.   The City claims the Finance Department will release funds on June 1, 2013 to other entities if this Court does not issue a temporary restraining order prohibiting the release of funds.

## LEGAL STANDARD

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  Plaintiffs seeking a preliminary injunction must establish: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council,

Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

## DISCUSSION

The City's motion attempts to obtain a temporary restraining order against non-parties. In general, this Court does not have personal jurisdiction over non-parties as they were not parties to the underlying action or judgment in this action. See Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")   Because neither the complaint in this action contain allegations against the Director of the California Department of Finance or the Auditor-Controller for Kern County similar to those presented in the instant motion nor does the stipulated judgment include the Director of the California Department of Finance's or the Auditor-Controller for Kern County Finance Department's consent, there appears to be no case or controversy present with respect to the issues raised in the pending motion for a temporary restraining order.  See Flast v. Cohen, 392 U.S. 83, 88 (1968) (holding that a absent case or controversy, the court has no power to hear issue).

## ORDER

Accordingly, the Court ORDERS that:

1. The City's motion for a temporary restraining order is DENIED for lack of jurisdiction over the Director of the California Department of Finance or the Auditor-Controller for Kern County Finance Department; and
2. The City's motion to enforce the judgment against non-parties shall be heard on July 15, 2013, pursuant to the briefing schedule set forth in the Court's Local Rules.

IT IS SO ORDERED.

Dated:   May 31, 2013

SENIOR DISTRICT JUDGE